United States District Court
Southern District of Texas
**ENTERED**
November 08, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| GLORIA MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:16-CV-183 |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

The Court now considers "Defendant's Second Amended Motion for Summary Judgment,"[1] filed by State Farm Lloyds ("Defendant") and the "Agreed Motion to Extend the Scheduling Order Deadlines,"[2] filed by Gloria Martinez ("Plaintiff") and Defendant. After duly considering the record and relevant authorities, the Court **GRANTS** summary judgment and **DENIES** the motion to extend the scheduling order deadlines.

### I.      Background

Plaintiff's claims arise from a storm that damaged her property in 2012 or 2014.[3] It is undisputed that Plaintiff first gave notice of a loss on September 25, 2014, when Plaintiff reported an insurance claim to Defendant.[4] Various communications were exchanged between that date and July 1, 2015, when Plaintiff filed suit against Defendant in state court, alleging breach of contract and extra-contractual claims.[5] On April 20, 2016, within 30 days of being served, Defendant removed the case to this Court.[6] In June 2016, Defendant filed a motion for

---

[1] Dkt. No. 18.
[2] Dkt. No. 20.
[3] Dkt. No. 1-1, at ¶ 8.
[4] Dkt. No. 18-2, at p. 2; Dkt. No. 18-2, at p. 33; Dkt. No. 18-3, at p. 188.
[5] Dkt. No. 1-1, at ¶¶ 24–65.
[6] Dkt. No. 1. Defendant was served with the Original Petition on March 24, 2016.

summary judgment,[7] which was thereafter amended twice. The second amended motion for summary judgment is the one now before the Court. Plaintiff responded only to the original motion for summary judgment, but the Court will consider Plaintiff's affidavit in determining whether a fact issue exists. The Court will address the merits of the instant motion for summary judgment before addressing the motion to extend the deadlines.

## II.    Summary Judgment Legal Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[8] "A fact issue is 'material' if its resolution could affect the outcome of the action,"[9] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the nonmoving party."[10] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[11]

In a motion for summary judgment, the movant bears the initial burden of showing the absence of a genuine issue of material fact.[12] In this showing, "bald assertions of ultimate facts" are insufficient.[13] Absent a sufficient showing, summary judgment is not warranted, the analysis is ended, and the non-movant need not defend the motion.[14] On the other hand, the movant is freed from this initial burden on matters for which the non-movant would bear the burden of proof at trial; in that event, the movant's burden is reduced to merely pointing to the absence of evidence.[15] If the movant meets its initial burden, the non-movant must then demonstrate the

---

[7] Dkt. No. 8.
[8] FED. R. CIV. P. 56(a).
[9] *Burrell v. Dr. Pepper/Seven UP Bottling Grp.*, Inc., 482 F.3d 408, 411 (5th Cir. 2007) (citation omitted).
[10] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006) (citation omitted).
[11] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[12] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[13] *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978) (citation omitted).
[14] *See Celotex Corp.*, 477 U.S. at 323.
[15] *See id.* at 323–25; *see also Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995).

existence of a genuine issue of material fact.[16] This demonstration must specifically indicate facts and their significance,[17] and cannot consist solely of "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation."[18]

In conducting its analysis, the Court considers evidence from the entire record and views that evidence in the light most favorable to the non-movant.[19] Thus, although the Court refrains from determinations of credibility and evidentiary weight, the Court nonetheless gives credence to all evidence favoring the non-movant; on the other hand, regarding evidence that favors the movant, the Court gives credence to evidence that is uncontradicted and unimpeachable, but disregards evidence the jury is not required to believe.[20] Rather than combing through the record on its own, the Court looks to the motion for summary judgment and response to present the evidence for consideration.[21] Parties may cite to any part of the record, or bring evidence in the motion and response.[22] By either method, parties need not proffer evidence in a form admissible at trial,[23] but must proffer evidence substantively admissible at trial.[24]

---

[16] *See Celotex Corp.*, 477 U.S. at 323–25.

[17] *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[18] *U.S. ex rel. Farmer v. City of Hous.*, 523 F.3d 333, 337 (5th Cir. 2008) (citing *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)).

[19] *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000) (citations omitted).

[20] *See id.*

[21] *See* FED. R. CIV. P. 56(e).

[22] *See* FED. R. CIV. P. 56(c).

[23] *See Celotex Corp.*, 477 U.S. at 324 ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").

[24] *See Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) ("[T]he evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial.").

### III.   Discussion

####     a.     *Breach of Contract Claim*

Defendant's argument in favor of summary judgment proceeds sequentially to address the claim for breach of contract before the extra-contractual claims, a rubric which the Court finds helpful for the analysis.

Defendant argues that Plaintiff is barred from maintaining a breach of contract claim as a matter of law for two alternative reasons, depending on the actual date of loss. Defendant's first argument is that if October 18, 2012 is the date of loss, Plaintiff's notice to Defendant on September 25, 2014, nearly two years after the date of loss, fails to comply with the notice requirement in the insurance contract. In Texas, satisfying insurance policy notice requirements is a condition precedent to coverage.[25] Failure to do so "constitutes a breach of contract and relieves the insurer of the obligation to defend or indemnify."[26] The insurance contract in this case provides that "[a]fter a loss to which this insurance may apply, you shall . . . give *immediate notice* to us or our agent."[27] While the insurance contract does not specify what qualifies as "immediate notice," twenty-three months surely does not suffice.[28] As a result, if the date of loss is October 18, 2012, Plaintiff is barred from maintaining a breach of contract claim. The Court notes however, that in her affidavit, Plaintiff has abandoned any claim that the loss occurred on October 18, 2012. Specifically, Plaintiff avers that "I do not know where the October 18, 2012 Date of Loss came from. I did not provide that date to State Farm."[29] Thus, it is clear that

---

[25] *Flores v. Allstate Texas Lloyd's Co.*, 278 F.Supp.2d 810, 815 (S.D. Tex. July 16, 2003).

[26] *Nan Travis Memorial Hospital v. St. Paul Fire & Marine Ins. Co.*, 394 F.2d 112, 112 (5th Cir. 1968).

[27] Dkt. No. 8-1, at pp. 39–40 (emphasis added).

[28] *See Flores*, 278 F.Supp.2d at 820 (finding that six months was not "'prompt' or reasonable as a matter of law"); *Assicurazioni Generali, SpA v. Pipe Line Valve Specialties Co., Inc.*, 935 F.Supp. 879, 888 (S.D. Tex. Mar. 21, 1996) (internal citation omitted) ("Pipeline did not report the accident or the lawsuit to Plaintiff until March 22, 1993, almost 17 months after the occurrence and more than two months (68) days after receipt of the Original Petition. By no stretch of the imagination can this notification of the accident be deemed 'as soon as practicable.'").

[29] Dkt. No. 15-1, at p. 2.

Plaintiff does not assert any causes of action arising from a loss on October 18, 2012. To the extent that Plaintiff's original petition alleged claims arising from an October 18, 2012 claim and Defendant's handling of that claim, Defendant is entitled to summary judgment.

Defendant's second argument is that if August 13, 2014 is the date of loss, Plaintiff is barred from maintaining a breach of contract claim because there was no insurance coverage on that date. Indeed, Defendant's summary judgment evidence establishes that Plaintiff's insurance coverage ceased on July 3, 2013 due to non-payment of premiums.[30] Plaintiff has proffered no evidence to controvert the lack of coverage. As a result, Plaintiff cannot assert any claims arising from an August 13, 2014 loss or Defendant's handling of such claim. The Court need not evaluate separately the remaining claims, as absent the existence of a contract, there is no separate independent duty owed by Defendant to Plaintiff.

**IV.    Holding**

For the foregoing reasons, the Court **GRANTS** summary judgment in favor of Defendant and against Plaintiff, and **DENIES** as moot the motion to extend the scheduling order deadlines. Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE.** A separate final judgment will issue.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 8th day of November, 2016.

_____
Micaela Alvarez
United States District Judge

---

[30] Dkt. No. 18-1, at p. 2.